UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Maria E. Sauri,

    Plaintiff,

vs.

Fresco Retail Group, LLC

    Defendant.

_____/

## COMPLAINT

Plaintiff, Marie E. Sauri ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, Fresco Retail Group LLC ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to The Family Medical Leave Act (FMLA).

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is a Florida Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff began working as a bagger for Defendant on May 16, 2018.

6. In early November 2024, Plaintiff requested FMLA leave from the Human Resources Department due to her daughter, who lives in Italy, suffering from panic disorder and depressive symptoms.

7. Plaintiff's leave was approved for one month beginning November 17, 2024.

8. However, due to the daughter's worsening condition, she was required to extend her stay until February 18, 2025.

9. Plaintiff made several attempts to inform the store of the extension but received no response.

10. Upon Plaintiff's return, she met with the store manager, Mr. Freen (LNU), and was informed that she could return to work on March 6, 2025.

11. After resuming work she noticed her weekly hours had been reduced from 16.5 to 12 hours.

12. Plaintiff reached out to Ms. Daisy Lanza from Human Resources to inquire about the reduction, but did not receive a response.

13. On March 7, 2025, while performing her duties, Plaintiff was terminated by Ms. Lanza in an inappropriate and unprofessional manner.

14. Ms. Lanza began yelling at her in front of customers and co-workers, instructing her to remove her apron and informing her that she was no longer employed with the company.

15. Defendant employed more than 50 employees during the dates Plaintiff was employed by Defendant and Plaintiff worked for defendant more than the required amount of time needed to qualify as a covered employee under the FMLA

## COUNT I
### *Interference With Rights Under The FMLA*

16. Plaintiff the allegations stated in paragraphs 5 - 15 above of this Complaint as if set out in full herein.

17. Plaintiff is an individual entitled to protection under the FMLA.

18. Plaintiff is an employee within the meaning of the FMLA.

19. Plaintiff engaged in protected activity within the meaning of the FMLA when she requested FMLA leave through Defendant's Human Resources Department.

20. Defendant's actions interfered with Plaintiff's lawful exercise of FMLA rights.

21. Defendant's actions constitute a violation of the FMLA as more fully detailed above.

22. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, liquidated damages, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff front pay;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

a. A trial by jury.

## **COUNT II**
*Retaliation Under the FMLA*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5 - 15 above as if set out in full herein.

27. Plaintiff is an individual entitled to protection under the FMLA.

28. Plaintiff is an employee of Defendant within the meaning of the FMLA.

29. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

30. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

31. Defendant's actions constitute a violation of the FMLA.

32. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____1/22/25_____

                                                                                           Respectfully submitted,

                                                                                           *s/ Elvis J. Adan*_____
                                                                                           Elvis J. Adan, Esq.
                                                                                           Fla. Bar No.: 24223
                                                                                           GALLARDO LAW OFFICE, P.A.
                                                                                           8492 SW 8th Street
                                                                                           Miami, Florida 33144
                                                                                           Telephone: (305) 261-7000